UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS SANCHEZ RAMOS, et al.,

v.                                                        Civ. No. 98-2425(DRD)

PEDRO TOLEDO DAVILA,
in his personal capacity.

ORDER

     Pending before the Court is defendant, Pedro Toledo-Dávila's Motion to Dismiss, filed on May 18, 2000. (Docket No. 25). The motion was opposed by plaintiffs on May 26, 2000. (Docket No. 27). For the following reasons, defendant's motion is **GRANTED**.
     When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in the plaintiff's favor. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996); Aulson v. Blanchard, 83 F.3d 1,3 (1st Cir. 1996). Dismissal is appropriate only when the facts alleged, taken as true, do not justify recovery for the plaintiff. Fed.R.Civ.P. 12(b)(6). Thus, in order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in the plaintiffs' favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.
     Moreover, when considering a motion to dismiss under Rule 12(b)(6) "our focus [must be] limited to the allegations of the complaint." Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978)(internal quotations omitted). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Doyle, 103 F.3d at 190. Recently, in Wagner v. Devine, 122 F.3d 53 (1st Cir. 1997) the First Circuit held that a Court must "affirm a dismissal for failure to state a claim only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory." Id. at 55. The Supreme Court decades ago explained in Conley v. Gibson, 355 U.S. 41, 45-46; 78 S.Ct 99, 102 (1957), that
> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 45-46. With this standard in mind, all of the facts alleged in the complaint are accepted as true. See Dartmouth Review v. Darmouth College, 889 F.2d 13, 16 (1st Cir. 1989); Gooley, 851 F.2d at 514.
     The above captioned case was filed on December 21, 1998. (Docket No. 1). Plaintiffs in this case seek to recover damages for unpaid overtime and on-call compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216. (Docket No. 1). Initially, the defendants to this case were the Commonwealth of Puerto Rico Police Department and Pedro



Toledo-Dávila in his official and personal capacity. (Docket No. 1). On April 26, 1999, Pedro Toledo, in his official capacity and the Commonwealth of Puerto Rico Police Department filed a Motion to Dismiss. (Docket No. 7). On March 29, 2000, the Court issued an Order in pertinent part stating that

> "[D]efendants' motion to dismiss (docket entry 7) is GRANTED. Partial judgment shall be entered by separate order DISMISSING this action as to defendants Police Department and Pedro Toledo in his official capacity.
> The sole surviving claim lies against Superintendent Toledo in his personal capacity."

(Docket No. 15). Subsequently, on May 18, 2000, defendant Toledo filed a motion to dismiss the surviving claim. (Docket No. 25).

Plaintiffs' claim against Toledo-Dávila in his personal capacity rest on his position as the head of the Commonwealth of Puerto Rico Police Department, an employer as defined under the FSLA. (Docket No. 1). The FSLA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includ[ing] a public agency . . . " See 29 U.S.C. 203(d). However, "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA." Wascura v. Carver, 169 F.3d 683, 686 (11th Cir. 1999). See Welch v. Laney, 57 F.3d 1004 (11th Cir. 1995) (Holding that defendant, a public official, in his individual capacity had no control over plaintiff's employment and therefore, did not qualify as an employer under the Act.). In this case, Toledo-Dávila is a public official sued in his personal capacity under the FLSA. The Court finds that because "a public official sued in his or her individual capacity is not an 'employer' under the [FLSA]," it lacks "federal subject matter jurisdiction over [plaintiffs'] claim." Wascura, 169 F.3d at 687.

As previously stated, in order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley, 851 F.2d at 515. In this case, plaintiffs have made no averments as to defendant's personal involvement or knowledge as to the issue of overtime pay. Plaintiffs' claim against defendant is solely based on the fact that defendant Toledo-Dávila was the Superintendent of the Commonwealth of Puerto Rico Police Department, and as erroneously alleged by plaintiffs, "an employer within the definition of the Fair Labor Standards Act of 1938." (Docket No. 1). Although all inferences must be made in the plaintiffs' favor, this Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3. In addition, "[t]he court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal." Therefore, the Court finds that plaintiffs have failed to "put [their] best foot forward in an effort to present a legal theory that will support [their] claims." Arroyo Otero v. Hernandez Purcell, 804 F.Supp. 418, 421 (D.P.R. 1992) (citing McCoy v. Massachussetts Inst. of Technology, 950 F.2d 13, 22 (1st Cir. 1991).

For the above stated reasons, plaintiffs' claims against Toldeo-Dávila in his personal capacity are **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

January 22, 2001.

DANIEL R. DOMINGUEZ
U.S. District Judge